# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 4892 | **DATE** | 7/16/2004 |
| **CASE TITLE** | Hiram Fuentes vs. Michael Sheahan | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing re-set for 8/26/2004 at 10:30 A.M..
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10)■ [Other docket entry] Enter Memorandum Opinion and Order: Sheahan's motion to dismiss ((8-1) is denied in part and granted in part. We find that Fuentes sufficiently stated a § 1983 claim alleging a violation of his procedural due process rights. Therefore, Sheahan shall file his answer to the complaint on or before 8/15/04 The status hearing set for 8/3/04 is stricken. Any other pending motions (4-2) & 10-1) are moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | number of notices | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | JUL 19 2004 | 14 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT CLERK | 7/16/2004 | |
| GL | courtroom deputy's initials | 2004 JUL 16 AM 10:19 | date mailed notice GL | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| HIRAM FUENTES, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 03 C 4892 |
| MICHAEL SHEAHAN, IN HIS OFFICIAL CAPACITY AS SHERIFF OF COOK COUNTY, | ) ) ) ) ) | |
| Defendant. | ) ) ) | |

DOCKETED JUL 19 2004

## MEMORANDUM OPINION AND ORDER

Plaintiff Hiram Fuentes filed a two-count Amended Complaint against Defendant Michael Sheahan, Sheriff of Cook County, in his official capacity, alleging numerous violations of his constitutional rights as well as unspecified state law claims. Presently before us is Sheahan's motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, we deny in part and grant in part Sheahan's motion.

## BACKGROUND

The following facts are taken from Fuentes' Amended Complaint and are deemed true for the purposes of this motion. On September 20, 2002, Plaintiff Hiram Fuentes was arrested for domestic battery and incarcerated in the Cook County Department of Corrections ("CCDOC"). Fuentes appeared in the Circuit Court of Cook County on October 10, 2002, and the court dismissed the domestic battery charges. Instead of being released from incarceration on October 10, Fuentes alleges that he was incarcerated by the CCDOC until October 15, 2002, when he was transferred into the custody of the Illinois Department of Corrections ("IDOC"). On December 10, 2002, the IDOC

released Fuentes after it received documents stating that the domestic battery charges against him had been dismissed by the Circuit Court.

On July 16, 2003, Fuentes filed a two-count complaint, which he amended on November 4, 2003. Count I, brought pursuant to 42 U.S.C. § 1983, alleges that Sheriff Sheahan violated plaintiff's Fourth, Fifth, and Fourteenth Amendment rights by detaining him in the CCDOC after he had been ordered released by the Circuit Court, transferring him to the IDOC when he should have been released, and failing to take actions to remedy the erroneous transfer and further detention. Count II alleges that plaintiff's detention after October 10, 2002, violated his rights under the Fourth, Eighth, and Fourteenth Amendments. Plaintiff also avers to unspecified, but apparently related, state law claims, which Sheahan interprets in his motion to dismiss to be a claim for false imprisonment. Sheahan now moves to dismiss the complaint in its entirety.

## ANALYSIS

The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is to decide the adequacy of the complaint, not the merits of the case. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir 1990). In considering a motion to dismiss, we must accept all well-pled allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *See MCM Partners, Inc. v. Andrews-Bartlett & Assoc., Inc.*, 62 F.3d 967, 972 (7th Cir. 1995), *aff'd* 161 F.3d 443 (7th Cir. 1998), *cert. denied* 528 U.S. 810 (1999). Therefore, a complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

## I. § 1983 Claims

Fuentes brings this action against Michael Sheahan, in his official capacity as Sheriff of Cook County. An official capacity suit is actually a suit against the government entity such that this suit is against Cook County. *See Richman v. Sheahan*, 270 F.3d 430, 439 (7th Cir. 2001) (citing *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)). To bring a § 1983 suit against a municipality, a plaintiff must allege that (1) he suffered a deprivation of a constitutional right (2) as a result of either an express municipal policy, widespread custom, or deliberate act of a decision-maker with final policy-making authority for the municipality (3) which was the proximate cause of his injury. *Ienco v. City of Chicago*, 286 F.3d 994, 998 (7th Cir. 2002) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978)); *see also Theriault v. Village of Schaumburg*, No. 02-C-7058, 2002 WL 31803826, at *3 (N.D. Ill. Dec. 12, 2002).

### A. Plaintiff Has Sufficiently Alleged a Policy or Practice

Government entities cannot be held liable under § 1983 unless an official policy or custom caused the deprivation of constitutional rights. *See Kujawski v. Bd. of Comm'rs of Bartholomew County, Indiana*, 183 F.3d 734, 737 (7th Cir. 1999) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). An unconstitutional policy or custom can be: 1) an express policy that causes a constitutional deprivation; 2) a widespread practice that is so well-settled that it constitutes a "custom" with the force of law even though it is not authorized by an express policy or written law; or 3) an allegation that the constitutional injury was caused by a person with final policymaking authority. *See Palmer v. Marion County, City of Indianapolis*, 327 F.3d 588, 594-95 (7th Cir. 2003) (citation and quotation marks omitted).

3

Fuentes has not alleged that his injuries were caused by an express policy or a person with final policymaking authority. Rather, Fuentes alleges the existence of a "custom, practice, and policy" that permits the detention of inmates in the CCDOC after they have been ordered released by the Circuit Court, the transfer of inmates to the IDOC who should have been released from CCDOC, and the extended detention of inmates without remedial action by the CCDOC after the erroneous transfer to the IDOC. Recognizing that the Supreme Court has made clear that we may not impose a heightened pleading standard to civil rights actions alleging municipal liability, *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993), and that the Seventh Circuit has found a complaint containing conclusions, including a "smattering of phrases like 'highest policymaking officer' and 'widespread practice,'" was sufficient to survive a motion to dismiss, *McCormick v. City of Chicago*, 230 F.3d 319, 324 (7th Cir. 2000), we find that Fuentes' complaint sufficiently alleges a municipal custom.[1]

## B. Deprivation of Civil Rights

The next inquiry is whether Fuentes has suffered an actionable deprivation of his constitutional rights. Fuentes claims that the County's policy violated his rights under the Fourth, Fifth, and Fourteenth Amendments. Sheahan argues that Fuentes' claims under the Fourteenth

---

[1] Furthermore, contrary to Sheahan's argument, Fuentes need not plead facts that the municipality was the moving force behind the alleged injury. *See McCormick*, 230 F.3d at 326. Thus, Fuentes' allegation that the municipality's policy was "a driving force behind the unlawful acts" satisfies the minimal pleading requirements at this stage. Sheahan also argues that plaintiff's claim alleges only an isolated incident of unconstitutional conduct. However, it would be error to dismiss the complaint without allowing the parties "to develop a record suitable for summary judgment" because Fuentes failed to plead additional facts that would indicate that this was not an isolated incident. *See Lanigan v. Village of East Hazel Crest, Illinois*, 110 F.3d 467, 480 (7th Cir. 1997) (stating that plaintiff may need to "offer more examples than just the single incident of his own" after discovery). In light of the above, we find that Fuentes has sufficiently alleged a basis for municipal liability. Accordingly, we decline to dismiss the complaint on this basis.

Amendment should be dismissed. Sheahan, though moving to dismiss the complaint in its entirety, fails to argue that any other claims should be dismissed. Nonetheless, we will address each allegation in turn.[2]

The Fifth Amendment provides in part that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law." U.S. CONST. amend. V. Fuentes' complaint does not specify which clause of the Fifth Amendment the County's policy violates. His complaint does not allege that the County policy violated double jeopardy or that the policy forced him to be a witness against himself at trial. Moreover, the Fifth Amendment only applies to due process claims against federal officials. *See Markham v. White*, 172 F.3d 486, 491 (7th Cir. 1999); *see also Jones v. City of Chicago*, No. 99-C-6082, 2000 WL 1139904, at *4 (N.D. Ill. Aug. 10, 2000). Fuentes has not set forth a claim against a federal official. Therefore, to the extent Fuentes seeks to assert a claim alleging a violation of the Fifth Amendment, it must be dismissed.

Likewise, Fuentes' Eighth Amendment claim should be dismissed since the Eighth Amendment only applies to those who have been convicted of a crime. *See Palmer*, 327 F.3d at 593 ("The state does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law.")

---

[2] In addressing each alleged constitutional deprivation in violation of 42 U.S.C. § 1983, we will also include Fuentes' Eighth Amendment claim from Count II. Because Fuentes has sued Sheahan in his official capacity under § 1983, he must allege a municipal policy as the cause of the constitutional deprivation. Fuentes' Fourth and Fourteenth Amendment claims from Count II are included in this analysis for the same reasons.

5

(quoting *Ingraham v. Wright*, 430 U.S. 651, 671 n.40 (1977)). As Fuentes was not convicted of any crime, he cannot allege a constitutional deprivation under the Eighth Amendment.

We now turn to Fuentes' allegation that the County's policy violates the Fourth Amendment. The Fourth Amendment protects "the right of people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. CONST. amend. IV. According to the Seventh Circuit, "once a person is arrested and charged but before he is convicted, the question of whether the fact, manner, or duration of his continued confinement is unconstitutional passes over from the Fourth Amendment to the Due Process Clause." *Wilkins v. May*, 872 F.2d 190, 193 (7th Cir. 1989); *see also Lee v. City of Chicago*, 330 F.3d 456, 463 n.4 (7th Cir. 2003); *Villanova v. Abrams*, 972 F.2d 792, 797 (7th Cir. 1992) ("The seizure is complete upon arrest, and the Fourth Amendment falls away."). Therefore, as Fourth Amendment protections do not go beyond the point of arrest, *Lee*, 330 F.3d at 463 n.4, Fuentes cannot bring a claim under the Fourth Amendment for his unlawful detention since it occurred after he was arrested and charged.

Finally, we address Fuentes' allegation that the County's policy violates the Fourteenth Amendment. The Due Process Clause of the Fourteenth Amendment provides that "no state shall deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV, § 1. The Due Process Clause confers both procedural and substantive rights. *See United States v. Salerno*, 481 U.S. 739, 746 (1987).

Procedural due process does not protect "against all deprivations of life, liberty, or property by the state." *Parratt v. Taylor*, 451 U.S. 527, 537 (1981). Rather, it "only protects against deprivations without due process of law." *Id.* (quotations omitted). Thus, in *Toney-El v. Franzen*, the Seventh Circuit explained:

> In section 1983 actions challenging the mistakes made by state employees rather than the state procedures by which those mistakes were made, *Parratt* requires a court to consider the adequacy and availability of remedies under state law before concluding that a deprivation of life, liberty, or property violates due process . . . .

777 F.2d 1224, 1227 (7th Cir. 1985), *cert. denied*, 476 U.S. 1178 (1986) (citations and quotation marks omitted). The Seventh Circuit went on to hold that the plaintiff's due process claim based on state officials' incorrect calculation of his sentence, resulting in an additional 306 days of incarceration, failed. *Id.* at 1227-28. The Seventh Circuit concluded that because the prisoner could have informally petitioned prison officials for his release, filed a writ of mandamus in state court, or brought a false imprisonment claim in state court, the state provided him with sufficient post-deprivation remedies to satisfy due process. *Id.* at 1228; *see also Doughy v. Sheahan*, No. 98-C-2811, 1998 WL 120350, at *2, 6 (N.D. Ill. Mar. 13, 1998) (holding that plaintiff failed to state a procedural due process claim where he did not challenge the state procedures by which he was incarcerated for fifteen days after a court's release order and determining that plaintiff had adequate state law remedies).

Conversely, in *Young v. Sheahan*, the plaintiff's due process claim, stemming from his wrongful detainment for twenty-one days after a finding of no probable cause for his arrest, survived a motion to dismiss despite the availability of state remedies. No. 99-C-3791, 1999 WL 1044935, at *1-2 (N.D. Ill. Nov. 12, 1999). The court distinguished the case from *Toney-El* in that the plaintiff in *Young* alleged that his wrongful detention was the result of the defendant's policy of not investigating claims of mistaken detention as opposed to the result of a mistake of an employee of the Cook County jail. *Id.* at *2 ("Inasmuch as Plaintiff challenges the procedures by which the mistake was made, and not the mistake itself, this case does not fall within the realm of *Parratt* and

7

its progeny."); *see also Russell v. Lazar*, 300 F. Supp.2d 716, 722 (E.D. Wis. 2004) (holding that plaintiff stated a valid procedural due process claim to the extent that he challenged the state's procedures for addressing requests for sentence recalculations); *Woodget v. Cook County Dep't of Corrs.*, No. 94-C-3410, 1994 WL 695453, at *1, 4 (N.D. Ill. Dec. 10, 1994) (holding that plaintiff stated a procedural due process violation because he challenged the procedures by which he was unlawfully detained for nineteen days after his arrest warrant was quashed). Similarly, in *Rivera v. Sheahan*, the plaintiff was detained for thirty-six days after defendant refused to allow her family to post bond for her release. No. 97-C-2735, 1998 WL 531875, at *1 (N.D. Ill. Aug. 14, 1998). The court held that the plaintiff sufficiently stated a procedural due process claim by alleging that the defendant had a policy of failing to properly train and supervise employees so that inmates who are able to post bond are released without an unnecessary delay. *Id.* at *3. The court explained, "unlike *Parratt* and its progeny, this was not a 'random and unauthorized' deprivation which Defendants were not in a position to predict or avert" such that post-deprivation process is all that is due; if the allegations are true, pre-deprivation safeguards would be useful to prevent the alleged deprivation. *Id.* (citing *Zinermon v. Burch*, 494 U.S. 113, 139 (1990)).

Fuentes alleges that his post-October 10, 2002, detention deprived him of his liberty under the Due Process Clause of the Fourteenth Amendment. He does not charge that an employee of the CCDOC made a mistake, causing him to remain incarcerated after the charges against him had been dismissed. Instead, he alleges that the County has a "custom, practice, and policy" that permits the detention of inmates in the CCDOC after they have been ordered released by the Circuit Court, the transfer of inmates to the IDOC who should have been released from CCDOC, and the extended

detention of inmates without remedial action by the CCDOC after the erroneous transfer to the IDOC. Like *Young*, *Woodget*, and *Rivera*, Fuentes challenges the procedures by which he was wrongfully detained rather than the actions taken by a state employee. Therefore, we find that Fuentes has sufficiently stated a claim under the Due Process Clause.[3]

## II. State Law Claims

Fuentes alleges unspecified state law claims related to his federal claims. Presumably, Fuentes is alleging a state law claim for false imprisonment based on his post-October 10, 2002 detention.[4] Under Illinois law, the "essential elements of a cause of action for false arrest or false imprisonment are that the plaintiff was restrained or arrested by the defendant, and that the defendant acted without having reasonable grounds to believe that an offense was committed by the plaintiff." *Pierce v. Pawelski*, No. 98-C-3337, 2000 WL 1847778, at *2 (N.D. Ill. Dec. 14, 2000) (quoting *Meerbrey v. Marshall Field & Co.*, 564 N.E.2d 1222, 1231 (Ill. 1990)). Sheahan does not contest whether Fuentes can state a claim under false imprisonment for his extended detention.

Sheahan argues, however, that Fuentes' state law claim is barred by the Illinois Local

---

[3] Also, we are unpersuaded by Sheahan's reliance on *Harrell v. Sheahan*. 937 F. Supp. 754 (N.D. Ill. 1996). In *Harrell*, the plaintiff was incarcerated an additional month because of the defendant's alleged policy of inadequately training its officers to interpret court orders. *Id.* at 756, 759. We granted the defendant's motion for summary judgment because the plaintiff failed to prove that the alleged policy actually deprived him of his rights under the Due Process Clause. *Id.* at 759. Sheahan fails to realize that Fuentes' case is only at the pleading stage. He need not prove anything at this point. Indeed, the case should be allowed "to develop a record suitable for summary judgment" where a determination as to whether the policy actually deprived Fuentes of his procedural due process rights may be made more appropriately. *Lanigan*, 110 F.3d at 480.

[4] Though unspecified, in his Motion to Dismiss, Sheahan construes the related state law claims referred to the complaint as being a claim for false imprisonment. Fuentes does not refute the applicability of a false imprisonment claim in his Response. In fact, Fuentes does not address or otherwise discuss the viability of a false imprisonment claim in his Response. Further, Fuentes does not address the applicability of any other state law claim to his case. It therefore is unclear if Fuentes intends to pursue his state law claim. We nonetheless consider whether such a claim would survive a motion to dismiss.

Government Immunity Act ("Act").[5] The Act provides in part:

> No civil action may be commenced in any court against any local entity or any of its employees for an injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued. For the purposes of this Article, the term "civil action" includes any action, whether based upon the common law or statutes or Constitution of this State.

745 ILL. COMP. STAT. 10/8-101. The statute of limitations for a false arrest or false imprisonment claim begins to accrue when the plaintiff can plead all the elements of the claim, which is the first day of the improper arrest. *See Pierce*, 2000 WL 1847778, at *2; *see also Wallace v. City of Chicago*, No. 03-2296, 2004 WL 719258, at * 3 (N.D. Ill. Mar. 30, 2004). In order to comply with the limitations period, Fuentes had to bring his complaint on or before October 10, 2003, because, according to his complaint, he was improperly detained on October 10, 2002. Fuentes filed his complaint on July 16, 2003, but did not name a defendant on that date. Instead, he named John Doe as the defendant. Fuentes later amended his complaint on November 4, 2003, to name Sheahan as the defendant. The Seventh Circuit has stated that "the substitution of named individuals for 'John Doe' defendants constitutes a 'change of parties' within [Federal] Rule [of Civil Procedure] 15(c) and thus that the requirements of 15(c) must be met." *Delgado-Brunet v. Clark*, 93 F.3d 339, 344 (7th Cir. 1996). As such, Fuentes' state law claims against Sheahan may be barred by the statute of limitations unless his amendment relates back to the date of the original pleading.

The Seventh Circuit has held that Federal Rule of Civil Procedure 15(c)(3) permits an

---

[5] While we recognize that the statute of limitations is an affirmative defense, *see* Federal Rule of Civil Procedure 8(c), and that a litigant need not anticipate affirmative defenses in his complaint, " [a] litigant may plead itself out of court by alleging (and thus admitting) the ingredients of a defense . . . ." *United States Gypsum Co. v. Indiana Gas Co., Inc.*, 350 F.3d 623, 626 (7th Cir. 2003) (internal citation omitted). Here, Fuentes has stated the date that his wrongful detention began in his Amended Complaint. Therefore, Fuentes has alleged the ingredients of a defense.

amendment to relate back to the original complaint only where "there has been an error made concerning the identity of the proper party and where that party is chargeable with knowledge of the mistake." *See Baskin v. City of Des Plaines*, 138 F.3d 701, 704 (7th Cir. 1998) (quoting *Worthington v. Wilson*, 8 F.3d 1253, 1256 (7th Cir. 1993)). Moreover, the Seventh Circuit has "emphasized that the mistake requirement is independent from whether the purported substitute party knew that action would be brought against him." *King v. One Unknown Fed. Corr. Officer*, 201 F.3d 910, 914 (7th Cir. 2000) (citing *Baskin*, 138 F.3d at 704). In this case, Fuentes would not be able to meet the mistake requirement because he brought suit against a municipality and knew, as evidenced by his original complaint, that he was in the custody of Cook County. There simply is no mistake that could have caused Fuentes to fail to amend his complaint to name Sheahan as the defendant prior to the expiration of the statute of limitations. Thus, Fuentes' Amended Complaint does not relate back and his state law claim is barred by the statute of limitations.

## CONCLUSION

For the foregoing reasons, we dismiss Fuentes' § 1983 claims to the extent that he purported to allege constitutional deprivations under the Fourth, Fifth, and Eighth Amendments. We also dismiss Fuentes' state law claim for false imprisonment. However, we find that Fuentes sufficiently stated a § 1983 claim alleging a violation of his procedural due process rights. Therefore, Sheahan shall file his answer to the complaint on or before August 15, 2004. A status hearing shall be held on August 26, 2004 at 10:30 a.m. It is so ordered.

MARVIN E. ASPEN
United States District Judge

Dated 7/16/04

11